Nos. 15-2248(L), -2252

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔬𝔲𝔯𝔱𝔥 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

JOYCE BARLOW,                                              *Plaintiff-Appellee,*
-v-
COLGATE PALMOLIVE COMPANY,                       *Defendant-Appellant,*
- and -
JOHN CRANE-HOUDAILLE, INCORPORATED, et al.,       *Defendants.*

CLARA G. MOSKO,                                            *Plaintiff-Appellee,*
-v-
COLGATE PALMOLIVE COMPANY,                       *Defendant-Appellant,*
- and -
JOHN CRANE-HOUDAILLE, INCORPORATED, et al.,       *Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MARYLAND AT BALTIMORE, HONORABLE WILLIAM D. QUARLES

## PLAINTIFFS'-APPELLEES' MOTION FOR HEARING *EN BANC*

**Law Offices of Peter G. Angelos, P.C.**
Jeffrey J. Utermohle
Craig M. Silverman
One Charles Center
100 North Charles Street, 21st Floor
Baltimore, Maryland 21201
(410) 951-4795
*Attorneys for Plaintiffs-Appellees*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

RULE 35(B) STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

I.   An *en banc* hearing is warranted because Colgate seeks to change the
     well-established standard for fraudulent joinder from an objective test
     to a subjective test. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

II.  An *en banc* hearing is warranted because, as a matter of law, fraudulent
     joinder does not reflect on the integrity of plaintiff or counsel and,
     therefore, it is not misconduct. . . . . . . . . . . . . . . . . . . . . . . . . . .   6

III. An *en banc* hearing is warranted because of important questions of
     federalism raised by an attempt to skirt the Anti-injunction Act's
     prohibition against interference with state proceedings. . . . . . . . . . . .   7
     A.   The Anti-Injunction Act generally prohibits federal interference
          in state proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
     B.   The federal court is not empowered to enjoin state court
          proceedings merely because such proceedings interfere with
          Colgate's preference for a federal forum. . . . . . . . . . . . . . .   11

IV.  An *en banc* hearing is warranted because Colgate seeks to avoid
     complying with the statutory deadline for removal by resorting to the
     All Writs Act, in violation of controlling precedent. . . . . . . . . . . . .   11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

i

## TABLE OF AUTHORITIES

### Cases

*AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

*Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014) (*en banc*)    7, 8

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988) . . . . . . . . . . . . . . .    10

*Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644 (D.N.M. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422 (4th Cir. 1999) . . . . . . . . . . . . . .    1,4

*In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Jamison v. Kerr-Mcgee Corp.*, 151 F. Supp. 2d 742, 746-747 (S.D. Miss. 2001)    4

*Martin v. Norfolk & W. R. Co.*, 43 F.2d 293 (4th Cir. 1930) . . . . . . . . . . . . .    4

*Miller v. Brooks (In re Am. Honda Motor Co.)*, 315 F.3d 417 (4th Cir. 2003)    3, 12

*Mitchum v. Foster*, 407 U.S. 225 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002) . . . . . . . . . . . . . . . 3, 12

*Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977) . . . . . . . . . . . . . . . . .    10

**Statutes**

28 U.S.C. §2283 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7-9

28 U.S.C. §1446 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

28 U.S.C. §1651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

H.R. Rep. No. 100-889 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## RULE 35(B) STATEMENT

This appeal involves four questions of exceptional importance. First, Colgate seeks to change the standard for fraudulent joinder in this circuit from an objective test in which the "only inquiry" is whether there is "any possibility" of recovery against a local defendant, to a subjective test in which a plaintiff's motive, purpose and intent to avoid federal jurisdiction control. Under the objective test, once the court identifies a "glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999). As has long been established in the Fourth Circuit, subjective considerations play no role in a fraudulent joinder analysis. *See Martin v. Norfolk & W. R. Co.*, 43 F.2d 293, 295 (4th Cir. 1930) (emphasis added):

> where it is claimed that there is . . . fraudulent joinder, . . . there are certain propositions which have been definitely settled . . . . [Among them is the rule that] the plaintiff's **purpose** in joining the resident defendant is immaterial, as his **motive** in the performance of a lawful act is not open to inquiry. *Chesapeake & Ohio Ry. Co. v. Dixon*, 179 U.S. 135 [1900].

In seeking to change the standard from an objective one to a subjective one, Colgate would have this Honorable Court  sanction Plaintiffs-Appellees for having failed to anticipate a radical change in the law.

The second question of  exceptional importance presented by this Appeal

1

concerns whether, as asserted by Colgate, fraudulent joinder qualifies as misconduct.  As a matter of law, fraudulent joinder is not misconduct:

> **"Fraudulent joinder"** is a term of art, it **does not reflect on the integrity of plaintiff or counsel**, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists.

*AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)) (emphasis added).

The third question of exceptional importance presented by this Appeal concerns questions of federalism raised by the Anti-injunction Act's prohibition against interference with state proceedings.  28 U.S.C. §2283.  Here, the state proceedings began more than four years ago, and are poised to begin trial. Granting the vacatur relief Colgate seeks would necessarily require a permanent injunction against the state proceedings, and an injunction ordering transfer of Plaintiffs' cases from state court to federal court for trial on the underlying claims. Both such injunctions would violate the Anti-Injunction Act.

The fourth question of  exceptional importance presented by this Appeal involves Colgate's request for vacatur of remand orders.  The one-year deadline for re-removal from state court to federal court has long passed.  Colgate attempts

2

to avoid complying with the statutory requirement by resorting to the All Writs Act, 28 U.S.C. §1651(a), in violation of controlling Fourth Circuit precedent. *See Miller v. Brooks (In re Am. Honda Motor Co.)*, 315 F.3d 417, 437 (4th Cir. 2003) ("a party 'may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for removal' of a case in state court to federal court."), quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32-33 (2002).

## ARGUMENT

**I.     An *en banc* hearing is warranted because Colgate seeks to change the well-established standard for fraudulent joinder from an objective test to a subjective test.**

Colgate urges to retroactively replace the Fourth Circuit's objective "no possibility" test with one focusing on a plaintiff's subjective motive, purpose and intent.  Colgate argues that a subjective purpose to avoid federal jurisdiction should be the test for fraudulent joinder. *See* A707 (emphasis added):

> Now, it has been the law of the land for a hundred years or more that, if a plaintiff joins defendants simply for the <u>purpose</u> of avoiding federal jurisdiction, that that is absolutely fraudulent joinder. <u>That is the end of the inquiry</u> . . . .

Colgate is simply wrong.  In considering an alleged fraudulent joinder, the plaintiff's subjective purpose is not the "end of the inquiry."  To the contrary, the plaintiff's subjective purpose and motive is "not open to inquiry" and is

3

"immaterial." *Martin v. Norfolk & W. R. Co.*, 43 F.2d 293, 295 (4th Cir. 1930).

Even if Colgate's request for a change in the law had merit, and it does not, it could not apply in this case. Plaintiffs' counsel cannot reasonably be sanctioned for failing to anticipate a change in the law. Due process would not allow it. Plaintiffs' reasonable understanding was that in the Fourth Circuit, under *Hartley v. CSX Transp., Inc., supra*, 187 F.3d at 426, the "only inquiry is whether [the plaintiff] has any possibility of recovery" against a local defendant, and after that, "the jurisdictional inquiry ends."

An alleged lack of intent to pursue a local defendant does not equate to a fraudulent joinder, as cogently explained in *Jamison v. Kerr-Mcgee Corp.*, 151 F. Supp. 2d 742, 746-747 (S.D. Miss. 2001) (emphasis added):

> The defendants contend that the failure to serve the non-diverse defendants displays the Plaintiffs' lack of any real intent to secure a judgment against them, so that those defendants were fraudulently joined. This "lack of intent" argument has an interesting pedigree. The defendants do not cite to Fifth Circuit cases for it, but rather to *Johnson v. Scimed, Inc.*, a case from the Middle District of Louisiana, and to Wright, Miller and Cooper's treatise on federal procedure. *Scimed* itself cites to that treatise for the intent clause, so we may turn there [footnote omitted]. *Johnson v. Scimed, Inc.*, 92 F. Supp. 2d 587, 590 (E.D. La. 2000).
>
> For the proposition that fraudulent joinder exists where the plaintiff "does not intend to secure a judgment

4

against that particular defendant," the treatise cites the Supreme Court's holding in a 1913 opinion by Justice Holmes, *Chicago, Rock Island & Pacific Railway Co. v. Schwyhart* [footnote omitted].  Wright, Miller and Cooper, *Federal Practice & Procedure: Jurisdiction* 3d, §3723, at 636 & n.84.  The Court stated that "we have not to consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown as the record stood when the removal was denied." *Schwyhart*, 227 U.S. 184, 194 (1913).  This language seems broader than the Fifth Circuit test cited above--whether any possibility of a successful suit exists on the facts (as the plaintiff pleads them) and the law--and it might seem that the Defendants have Supreme Court precedent for amending that test.  However, the Fifth Circuit long ago noticed and interpreted *Schwyhart*:

> we take the rule to be that there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard.  One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964) (emphasis added).  *See B., Inc.* [*v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Tex. 1981)] (citing *Parks* for fraudulent joinder test of "no possibility" cause could succeed).  The rule in the Fifth Circuit, then, is that lack of intent to secure a judgment is demonstrable only by the impossibility of maintaining a cause of action in state court, **such lack of intent is not the subject of a separate test for fraudulent joinder**.  [footnote discussing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921) (citing *Schwyhart*), and concluding

5

that "*Wilson* supports no distinct 'lack of intent' test in the Fifth Circuit."].

The Defendants do not claim that the Plaintiffs have no colorable cause of action under Mississippi law, so they have made no case for fraudulent joinder.

Colgate's attempt to manufacture federal jurisdiction by proving a fraudulent joinder based on counsel's subjective state of mind, despite the presence of a colorable claim, is misplaced. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("Because a federal court's subject-matter jurisdiction is created-and limited-by Article III and federal statutes, 'no action of the parties can confer subject-matter jurisdiction upon a federal court . . .'"). Federal decisions roundly reject attempts to manufacture federal jurisdiction where none exists, as Colgate does here. *See e.g.*, *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001) (J. Posner) ("assuming federal jurisdiction where none exists is not a permissible sanction for anything.").

II.     **An *en banc* hearing is warranted because, as a matter of law, fraudulent joinder does not reflect on the integrity of plaintiff or counsel and, therefore, it is not misconduct.**

Colgate seeks sanctions and vacatur based on unfounded allegations that Plaintiffs fraudulently joined local defendants. "As with the Rule 11 motions,

6

Colgate's Rule 60(b)(3) motions require a showing of **misconduct** by the other party, among other things." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1012-13 (4th Cir. 2014) (*en banc*). (emphasis added). However, as a matter of law, fraudulent joinder is not misconduct:

> "Fraudulent joinder" is a term of art, it **does not reflect on the integrity of plaintiff or counsel**, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists.

*AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)) (emphasis added). Consequently, "relying on fraudulent joinder as fraudulent conduct for rule 60(b)(3) purposes is inappropriate." *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 669 (D.N.M. 2012) ("the term fraudulent joinder is somewhat of a misnomer, because the doctrine does not require proof that the plaintiff intended to deceive the court by joining an in-state defendant.").

## III. An *en banc* hearing is warranted because of important questions of federalism raised by an attempt to skirt the Anti-injunction Act's prohibition against interference with state proceedings.

An Order permanently enjoining the state proceedings, and directing the cases back to federal court, would offend the Anti-injunction Act, 28 U.S.C.

§2283, and the notions of comity underpinning it.  Vacatur is improper because

there is no procedural mechanism for the cases to make their way from state court

back to federal court.  The deadline for filing a notice of re-removal has long

passed,[1] and Colgate has not suggested any viable mechanism for transferring the

cases pending in state court back to federal court.  In fact, there is no such

mechanism.  *See Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1014, n.2 (4th

Cir. 2014) (*en banc*) (J. Wynn, concurring in part and dissenting in part):

> An unaddressed question in this appeal is how,
> procedurally, these cases would make their way from state
> court back to federal court and whether their doing so
> would offend either the Anti-injunction Act, 28 U.S.C.
> §2283, or the notions of comity underpinning it.

Here, Colgate secured a temporary injunction against the state proceedings,[2]

and its Brief's suggestion (at 42) that "no [permanent] injunction would be

---

[1] *See* 28 U.S.C. §1446 (2011) ("a case may not be removed on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action").  Congress accepted this "modest curtailment in access to diversity jurisdiction" as "a means of reducing the opportunity for removal after substantial progress has been made in state court").  H.R. Rep. No. 100-889, at 72 (1988).  In the matter at hand, "substantial progress" has been made in state court because the cases, filed some four years earlier, were poised to begin trial when this Court's preliminary injunction issued.

[2] Colgate's Brief at 19 concedes that it relied on the All Writs Act to temporarily enjoin the state court trials that had been set to begin October 27, 2015.

8

necessary" is without merit.  Absent a permanent injunction, the trials would proceed in state court as soon as this appeal ends because the temporary injunction would dissolve.  *See* Fourth Circuit Local Rule 8 ("An order granting a stay or injunction pending appeal remains in effect [only] until issuance of the mandate or further order of the Court . . . .").

Granting the vacatur relief Colgate seeks would necessarily require a permanent injunction against the state proceedings, and an injunction ordering transfer of Plaintiffs' cases from state court to federal court for trial on the underlying claims.  As explained next, both such injunctions would violate the Anti-Injunction Act.

## A.    The Anti-Injunction Act generally prohibits federal interference in state proceedings.

The Anti-Injunction Act, 28 U.S.C. §2283, provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  In interpreting the AIA, the Supreme Court has explained, "the consistent understanding has been that its basic purpose is to prevent 'needless friction between state and federal courts.'" *Mitchum v. Foster*, 407 U.S. 225, 232-33 (1972) (quoting *Oklahoma Packing Co.*

*v. Oklahoma Gas & Elec. Co.*, 309 U.S. 4, 9 (1940)).  The AIA's general

prohibition against federal interference in state proceedings has a constitutional

aspect, "due in no small part to the fundamental constitutional independence of the

States [and their courts]."  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146

(1988).  The exceptions to AIA's general prohibition are "narrow."  *Id.*

Moreover, given AIA's general prohibition, and the "fundamental principle of a

dual system of courts,"[3] "any doubts as to the propriety of a federal injunction

against state court proceedings should be resolved in favor of permitting the state

courts to proceed in an orderly fashion to finally determine the controversy."[4]

The Supreme Court has made clear that even where an injunction falls

within one of the exceptions to the AIA, a federal court need not enjoin a state

court proceeding.  Rather, the federal court remains bound by "the principles of

equity, comity, and federalism that must restrain a federal court when asked to

enjoin a state court proceeding."  *Mitchum v. Foster*, 407 U.S. 225, 243 (1972);

*see also Chick Kam Choo*, 486 U.S. at 151 ("Of course, the fact that an injunction

may issue under the Anti-Injunction Act does not mean that it must issue.").

---

[3] *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

[4] *Id.*; *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion) (reaffirming the Court's opinion in *Atlantic Coast Line*).

10

**B.    The federal court is not empowered to enjoin state court proceedings merely because such proceedings interfere with Colgate's preference for a federal forum.**

The "necessary in aid" exception does not apply merely because Colgate's preference for a federal forum may be affected.  In considering the "necessary in aid" exception, federal courts are not empowered to enjoin state court proceedings "merely because those proceedings interfere with a protected federal right," *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294-95 (1970).  Here, the Court's interest in policing alleged misconduct is sufficiently protected by retention of jurisdiction to impose sanctions.  Imposing federal jurisdiction is, of course, an improper sanction for misconduct.  *See e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001) (J. Posner) ("assuming federal jurisdiction where none exists is not a permissible sanction for anything.").

**IV.    An *en banc* hearing is warranted because Colgate seeks to avoid complying with the statutory deadline for removal by resorting to the All Writs Act, in violation of controlling precedent.**

The All Writs Act, 28 U.S.C. §1651(a), authorizes neither re-removal of the cases to federal court, nor a permanent injunction of the state proceedings.  The All Writs Act, provides that "the Supreme Court and all courts established by Act

11

of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, as this Honorable Court explained in *Miller v. Brooks (In re Am. Honda Motor Co.*), 315 F.3d 417, 437 (4th Cir. 2003), authorization to issue commands under the All Writs Act does not control where a statute specifically addresses the particular issue. "For example, a party 'may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for removal' of a case in state court to federal court." *Id.*, quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32-33 (2002). Colgate improperly seeks to do just that by resorting to the All Writs Act, both to justify a permanent injunction, and to avoid complying with the statutory requirements for re-removal.

Under the controlling version of 28 U.S.C. §1446, the one-year deadline for removal has long passed, the cases are back in state court poised to begin trial, and there is no mechanism for re-removal. *See supra* n.1 (discussing congressional intent that cases not be removed after state proceedings have substantially progressed). The All Writs Act authorizes neither a permanent injunction against the state proceedings, nor an Order to transfer Plaintiffs' cases from state court to federal court for trial on the underlying claims. Principles of federalism and comity require respect for the pending state proceedings.

12

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that the Petition for *En Banc* Hearing be granted.

Dated:  November 16, 2015                    Respectfully submitted,

/s/ Jeffrey J. Utermohle
**Law Offices of Peter G. Angelos, P.C.**
Jeffrey J. Utermohle, Federal Bar #22566
Craig M. Silverman, Federal Bar #16898
100 N. Charles Street, 21st Floor
Baltimore, MD 21201
410-951-4795 (telephone)
410-649-2150 (facsimile)
jutermohle@lawpga.com
Counsel for Plaintiffs-Appellees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2015, a copy of the foregoing Petition for *En Banc* Hearing was served via e-filing upon all counsel of record.

*/s/ Jeffrey J. Utermohle*
Jeffrey J. Utermohle

13